**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Y. Vasquez; and Cindy Garza, for and on behalf of her minor son, Santana Torres Vasquez, <br><br>  Plaintiffs, <br><br> vs. <br><br> City of Phoenix; Daniel Jones, individually and in his official capacity as a police officer for the City of Phoenix; Jane Doe Jones; Mark T. Kincannon, individually and in his official capacity as a police officer for the City of Phoenix; and Jane Doe Kincannon, <br><br>  Defendants. | No. CV-04-481-PHX-DGC <br> No. CV-05-608-PHX-DGC <br><br> (Consolidated Cases) <br><br> **ORDER** |

Defendants have filed a request for an evidentiary hearing or, in the alternative, for re-deposition of witness Trudicia Guevara in the Court's presence. Doc. #126. Defendants have filed supplemental and reply documents in support of their request. Docs. ##130, 136, 151. Plaintiff Manuel Vasquez has filed a response stating that he does not oppose the re-deposition of Ms. Guevara. Doc. #133.[1]

---

[1] Defendants' request for expedited ruling was filed on January 6, 2006. Doc. #126. This case was transferred to the undersigned judge on January 18, 2006. Doc. #142. Because the undersigned was not aware of Defendants' request for an expedited ruling, it was not noticed until the Court turned to the summary judgment briefing filed by the parties.

Defendants assert that Trudicia Guevara seeks to recant testimony about key events in this litigation. They also assert that attorneys Augustine Jimenez and Antonio Zuniga may have engaged in unethical conduct with respect to Ms. Guevara and her testimony.

### 1. Evidentiary Hearing.

Defendants do not identify the issues that would be addressed at an evidentiary hearing. Other than seeking to re-depose Ms. Guevara, they have filed no request for relief and no motions concerning the alleged improper conduct of attorneys Jimenez and Zuniga. Defendants have not established a need for an evidentiary hearing at this stage of the litigation.

### 2. Re-Deposition of Ms. Guevara.

Defendants seek to re-depose Ms. Guevara because of her expressed desire to recant her previous testimony. Defendants ask that the re-deposition occur before the Court or a magistrate judge. Defendants also state that Ms. Guevara has requested immunity from prosecution for her expected testimony during the new deposition.

The Court will permit an additional deposition of Ms. Guevara, but will not order that the deposition occur before the Court or a magistrate judge. Ms. Guevara is in state custody. Conducting the deposition before a federal judge would be a complicated process at best, and the Court does not conclude that such an unusual procedure is necessary. Defendants request the deposition before the Court apparently because of alleged misconduct by attorney Zuniga during Ms. Guevara's first deposition. Defendants also note, however, that Mr. Zuniga has withdrawn from representing Ms. Guevara. The Court is confident that the attorneys involved in the re-deposition will conduct themselves appropriately and in accordance with the Federal Rules of Civil Procedure. The Court reminds counsel of Rule 30(d)(1):

> Any objection during a deposition must be stated concisely and in a non-argumentative and non-suggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4).

At Defendants' election, the re-deposition of Ms. Guevara may be videotaped. If so, the videotaping procedures shall comply with the requirements of Rule 30(d)(4).

1 Defendants report that Ms. Guevara has requested immunity for her testimony. The
2 Court has received no such request from Ms. Guevara or her counsel. Moreover, immunity
3 must be granted by prosecutors, not the Court. *See* 18 U.S.C. §§ 6002-03 (establishing the
4 procedures regarding statutory use immunity and stating that such immunity may be granted
5 "upon the request of the United States attorney"); *McCoy v. Comm'r of Internal Revenue*,
6 696 F.2d 1234, 1237 (9th Cir. 1983) ("The decision whether to grant immunity rests with the
7 United States, not with the . . . Court.") (citing 18 U.S.C. §§ 6000-05); *United States v.*
8 *Mendia*, 731 F.2d 1412, 1414 (9th Cir. 1984) ("[A] district court has neither the power to
9 grant use immunity . . . nor the power to force the government to grant such immunity.").

10 **3.    Counsel for Ms. Guevara.**

11 Filings by the parties suggest that Ms. Guevara may be in need of counsel at her
12 second deposition. Counsel for Defendants and Plaintiff have interests potentially at odds
13 with Ms. Guevara's interests; Ms. Guevara apparently has indicated that she has some
14 concern about implicating herself at the second deposition; and Ms. Guevara apparently is
15 engaged in some ongoing criminal proceedings. The parties do not address whether Ms.
16 Guevara has counsel other than Mr. Zuniga who will represent her interests at the deposition.
17 Within 15 days of the filing of this order, defense counsel shall file a notice with the
18 Court stating whether Ms. Guevara has counsel to represent her at the deposition. If she does
19 not, the Court will appoint counsel for that purpose.

20 **4.    Order.**

21 Defendants may re-depose Ms. Guevara within 60 days of this order. The deposition
22 shall occur at the facility in which Ms. Guevara is housed, or in such other location as the
23 parties can arrange with the permission of the authority holding Ms. Guevara in custody.
24 Attorneys participating in the re-deposition shall comply strictly with Rule 30(d)(1) and other
25 relevant provisions of the Federal Rules of Civil Procedure. The deposition may be
26 videotaped at the election of Defendants.
27 The Court will not otherwise act on Defendants' request. There is no motion pending
28 concerning alleged misconduct of counsel, nor have Defendants sought other judicial relief.

1  The Court will address motions filed in the future.

2       By separate order, the Court will schedule a final pretrial conference and dates for
3  filing of motions in connection with that conference. The Court typically allows parties 60
4  days to prepare for a final pretrial conference. Because of the need to complete Ms.
5  Guevara's deposition, the Court will schedule the final pretrial conference approximately 120
6  days from the date of this order.

7      **IT IS ORDERED:**

8      1.   Defendants' request for an evidentiary hearing or, in the alternative, for re-
9            deposition of witness Trudicia Guevara in the Court's presence (Doc. #126)
10           is **granted in part** and **denied in part** as set forth above.

11     2.   Within **15 days** of the filing of this order, defense counsel shall file a notice
12           with the Court stating whether Ms. Guevara has counsel to represent her at the
13           deposition. If she does not, the Court will appoint counsel for that purpose.

14     3.   The Court will set a final pretrial conference by separate order.

15  DATED this 1st day of May, 2006.

                                         */s/ David G. Campbell*
                                         David G. Campbell
                                         United States District Judge