**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Y. Vasquez; and Cindy Garza, for and on behalf of her minor son, Santana Torres Vasquez,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>City of Phoenix; Daniel Jones, individually and in his official capacity as a police officer for the City of Phoenix; Jane Doe Jones; Mark T. Kincannon, individually and in his official capacity as a police officer for the City of Phoenix; and Jane Doe Kincannon,<br><br>　　　　Defendants. | No. CV-04-481-PHX-DGC<br>No. CV-05-608-PHX-DGC<br>(Consolidated Cases)<br><br>**ORDER** |

Pending before the Court are Defendants' motion for partial summary judgment and motion in limine regarding expert testimony. Docs. ##109, 121. For the reasons set forth below, the Court will grant the motion for partial summary judgment in part and deny the motion in limine without prejudice.[1]

---

[1] The Court will deny the request for oral argument because the parties have submitted memoranda thoroughly discussing the law and evidence and the Court concludes that oral argument will not aid its decisional process. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir. 1999).

## I. Background

On November 9, 2002, Plaintiff Manuel Vasquez was confronted by City of Phoenix police officers Daniel Jones and Mark Kincannon at an apartment complex in Phoenix, Arizona. Officers Jones and Kincannon arrested Plaintiff for criminal trespass. Plaintiff suffered brain injuries during the arrest.

Plaintiff filed a complaint against Defendants in state court on November 6, 2003. Plaintiff filed an amended complaint on February 11, 2004. Defendants removed the case to this Court on March 10, 2004. Doc. #1 (Case No. 04-481). Plaintiff filed a second amended complaint on November 23, 2005, that purports to allege six causes of action: assault, excessive force under 42 U.S.C. § 1983, false arrest under § 1983, conspiracy, negligence/gross negligence, and negligent supervision, training, and retention. Doc. #112. Plaintiff seeks both compensatory and punitive damages. *Id.*

Plaintiff Cindy Garza, on behalf of her minor son, Santana Vasquez, filed a complaint against Defendants in this Court on February 23, 2005. Doc. #1 (Case No. 05-608). The case was consolidated with Plaintiff Vasquez's case on April 18, 2005. Doc. #16. On May 13, 2005, the Court dismissed all of Plaintiff Garza's claims except the § 1983 excessive force claim. Doc. #69.

Defendants filed the present motion for partial summary judgment on November 14, 2005. Doc. #109. Plaintiff Vasquez has filed a response, which Plaintiff Garza has joined, and Defendants have filed a reply. Docs. ##122-23, 147. The case was reassigned to the undersigned judge on January 18, 2006. Doc. #142.

## II. Defendants' Motion for Partial Summary Judgment.

### A. Summary Judgment Standard.

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). "Only disputes over facts that might affect the outcome of the suit . . . will properly preclude the entry of summary judgment."

1  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The disputed evidence must be
2  "such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248.
3  Summary judgment may be entered against a party who "fails to make a showing sufficient
4  to establish the existence of an element essential to that party's case, and on which that party
5  will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

6  **B.   Analysis.**

7  Defendants move for summary judgment on the § 1983 claims against the City and
8  Officers Jones and Kincannon in their official capacities (count two of Garza's complaint and
9  counts two, three, and four of Vasquez's second amended complaint). Doc. #109 at 2.
10  Defendants also move for summary judgment on the following claims alleged by Plaintiff
11  Vasquez: false arrest under § 1983 against Officers Jones and Kincannon in their individual
12  capacities (count three), conspiracy against Officers Jones and Kincannon (count four),
13  negligent supervision, training, and retention against the City (count six), and punitive
14  damages under state law and under § 1983 against the City and Officers Jones and
15  Kincannon in their official capacities. *Id.*

16  **1.   The § 1983 Claims Against the City and the Officers in Their Official Capacities and Punitive Damages.**
17

18  Plaintiffs agree with Defendants that summary judgment is appropriate on the § 1983
19  claims against the City and Officer Jones and Kincannon in their official capacities. Docs.
20  ##123 at 5-6, 122; *see Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding
21  that a plaintiff must show that the alleged constitutional violation resulted from a custom,
22  practice, or policy in order to prevail on a § 1983 claim against a municipality or a
23  government official sued in his official capacity). Plaintiffs further agree that summary
24  judgment is appropriate on the punitive damages claims under state law and under § 1983
25  against the City and Officers Jones and Kincannon in their official capacities. Docs. ##123
26  at 5-6, 122; *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) (holding
27  that municipalities are immune from punitive damages under § 1983); *Mitchell v. Dupnik*,
28  75 F.3d 517, 527 (9th Cir. 1996) (holding that government officials sued in the official

capacities are immune from punitive damages under § 1983); A.R.S. § 12-820.04 ("Neither a public entity or public employee acting within the scope of his employment is liable for punitive or exemplary damages."). The Court will grant Defendants' motion for partial summary judgment with respect to these claims.

### 2. Plaintiff Vasquez's § 1983 False Arrest Claim Against the Officers in Their Individual Capacities.

Plaintiff Vasquez alleges that Officers Jones and Kincannon violated his Fourth and Fourteenth Amendment rights to be free from unreasonable seizures by arresting him without probable cause. Doc. #112 ¶¶ 13-15. Officers Jones and Kincannon contend that they are entitled to qualified immunity because they had probable cause to arrest Plaintiff for trespassing. Doc. #109 at 9-11. Plaintiff argues that the officers are not entitled to summary judgment because there is a genuine dispute as to whether a reasonable police officer would have concluded that Plaintiff was trespassing at the time of his arrest. Doc. #123 at 10-13.

"Qualified immunity protects government officials from civil liability if 'their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Franklin v. Fox*, 312 F.3d 423, 437 (9th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The parties do not dispute that the law at the time of Plaintiff's arrest clearly established that he could not be arrested in the absence of probable cause. *See id.*; *Grant v. City of Long Beach*, 315 F.3d 1081, 1089 (9th Cir. 2002) ("Courts have long held that the Fourth Amendment requires probable cause before an officer may arrest an individual") (citing *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). "Probable cause exists when police have knowledge at the moment of arrest of facts and circumstances based on reasonably trustworthy information that would warrant a belief by a reasonably prudent person that the person arrested has committed a criminal offense." *Id.*

In this case, Plaintiff was arrested for trespassing in violation of A.R.S. § 13-1502, which provides that a person trespasses by "[k]nowingly entering or remaining unlawfully on any real property after a reasonable request to leave . . . or reasonable notice prohibiting entry." A.R.S. § 13-1502(A)(1). Defendants do not assert that Plaintiff was requested to

leave the apartment complex premises prior to his arrest. Rather, they state that Plaintiff was arrested because "No Trespassing" signs were posted on the premises at the time of his arrest. Doc. #109 at 11-12. Plaintiff has presented evidence that no such signs existed. Doc. #123 at 12-13, Ex. 5; *see* Doc. #110 Ex. G at 75. Defendants contend that this factual dispute is not material because Officers Jones and Kincannon believed that "No Trespassing" signs were posted. Doc. #109 at 10-11; *see* Doc. #110 Exs. A ¶ 19, D ¶ 12.

The Court disagrees. "Qualified immunity is an objective inquiry – whether the officers subjectively believed that they had probable cause to arrest [Plaintiff] is irrelevant." *Grant*, 315 F.3d at 1089; *see Franklin*, 312 F.3d at 437-38 ("Our inquiry is an objective one, based on what a reasonable officer would believe if faced with the 'facts and circumstances' actually known to the officer in question.") (citation omitted); *Morgan v. Woessner*, 997 F.2d 1244, 1260 (9th Cir. 1993) ("[T]he Supreme Court has made clear that in the context of Fourth Amendment violations, there can be no inquiry as to a police officer's *subjective* intent or belief. Rather, only an officer's '*objective*' 'good faith' – that is, whether he could reasonably have believed that his conduct did not violate the Fourth Amendment – may be relevant to the availability of the qualified immunity defense[.]") (citation and alteration omitted). Whether "No Trespassing" signs were in fact posted at the apartment complex at the time of Plaintiff's arrest is material to the reasonableness of the officers' conclusion that probable cause existed to arrest Plaintiff for trespassing. *See* A.R.S. § 13-1502(A)(1). This factual issue must be resolved by a jury. *See Grant*, 315 F.3d at 1083 (holding that the district court did not err in denying police officers' motions for judgment as a matter of law on the issues of probable cause and qualified immunity "because material issues of fact existed as to the knowledge the officers had at the time of Grant's arrest and the reasonableness of their actions"); *Smiddy v. Varney*, 665 F.2d 261, 265 (9th Cir. 1981) ("[I]f 'reasonable persons might reach different conclusions about the facts, the establishment of those facts is for the jury, and the existence of probable cause is likewise for the jury, upon a proper instruction about the law.'") (citation omitted); *Ortega v. O'Connor*, 146 F.3d 1149, 1154 (9th Cir. 1998) ("Courts should decide issues of qualified immunity as early in the

- 5 -

1  proceedings as possible, but when the answer depends on genuinely disputed issues of
2  material fact, the court must submit the fact-related issues to the jury."). The Court will deny
3  Defendants' motion for partial summary judgment with respect to Plaintiff's § 1983 false
4  arrest claim against Officers Jones and Kincannon in their individual capacities.

### 3. Plaintiff Vasquez's Conspiracy Claim Against the Officers.

Plaintiff Vasquez alleges that Officers Jones and Kincannon conspired to assault Plaintiff and thereby violate his civil rights. To prove a conspiracy, Plaintiff must show that the officers either expressly or tacitly agreed to assault Plaintiff. *See Franklin*, 312 F.3d at 441; *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 38 P.3d 12, 36 ¶ 99 (Ariz. 2002). "The existence of a conspiracy may be inferred from the nature of the acts, the relationship of the parties, 'the interests of the conspirators, or other circumstances,' and 'express agreement or tacit concert will, if proven, suffice to create liability.'" *Mohave Elec. Coop., Inc. v. Byers*, 942 P.2d 451, 465 (Ariz. Ct. App. 1997) (citation omitted).

Plaintiff has presented eyewitness testimony that Officers Jones and Kincannon simultaneously punched and kicked Plaintiff during his arrest. Doc. #124 Ex. 7 (Rafael Guevara Dep. at 58-59, 90).[2] Construing the evidence in Plaintiff's favor, a jury reasonably could conclude that Officers Jones and Kincannon were patrol partners who acted in concert and tacitly agreed to assault Plaintiff during his arrest. *See Mohave Elec. Coop.*, 942 P.2d at 465 (reversing summary judgment on a conspiracy claim "because a litigant can proffer circumstantial or inferential evidence to prove that parties were acting in concert"); *Braxton-Secret v. Robins Co.*, 769 F.2d 528, 531 (9th Cir. 1985) (stating that "[q]uestions involving a person's state of mind . . . are generally factual issues inappropriate for resolution

---

[2] Plaintiff also relies on the testimony of Truedicia Guevara. Doc. #123 Ex. 2. The Court will not consider this testimony for summary judgment purposes because Defendants state that Ms. Guevara seeks to recant her testimony. Doc. #147 at 5 n.1. Defendants have filed a request for evidentiary hearing or, in the alternative, for re-deposition of Ms. Guevara to be conducted in the Court's presence. Doc. #126. The Court will address Defendants' request in a separate order.

- 6 -

by summary judgment"). The Court will deny Defendants' motion for partial summary judgment with respect to Plaintiff's conspiracy claim.[3]

### 4. Plaintiff Vasquez's Negligent Supervision, Training, and Retention Claim Against the City of Phoenix.

#### a. Negligent Supervision and Retention.

Plaintiff Vasquez alleges that Officers Jones and Kincannon have a history of using excessive force during arrests and that the City was aware of this history and negligently supervised and retained the officers. Doc. #112 ¶ 21. To prove negligent supervision and retention, Plaintiff must show that the City knew or should have known that Officers Jones and Kincannon were not competent police officers and that the City's retention of and failure to supervise the officers caused injury to Plaintiff. *See City of Phoenix v. Peterson*, 462 P.2d 829, 832 (Ariz. Ct. App. 1969); *Humana Hosp. Desert Valley v. Superior Ct. (Edison)*, 742 P.2d 1382, 1386 (Ariz. Ct. App. 1987). The City contends that there is no evidence that Officers Jones and Kincannon were unfit for their positions or that the excessive force allegedly used in this case was reasonably foreseeable. Doc. #109 at 13.

The Court disagrees. Plaintiff has presented evidence that the City was aware that Officers Jones and Kincannon had been accused of using excessive force during arrests on multiple occasions and that the officers failed to report the use of force as required by the City's policies and procedures. Doc. #124 ¶¶ 28-30, 32, 37-38. Construing this evidence in Plaintiff's favor, a jury reasonably could conclude that the City negligently retained and supervised the officers. *See Humana Hosp. Desert Valley*, 742 P.2d at 1386 (holding that

---

[3]The parties shall address in their pretrial documents whether Plaintiff's conspiracy claim is viable as a separate cause of action. Plaintiff has presented evidence of a conspiracy between only Officers Jones and Kincannon, the same individuals who allegedly assaulted Plaintiff and violated his civil rights. *See Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir. 1984) ("It is the wrongful act, not the conspiracy, which is actionable in a civil case."); *Rowland v. Union Hills Country Club*, 757 P.2d 105, 110 (Ariz. Ct. App. 1988) (stating that "conspiracy is a derivative tort"); *see also Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 869 P.2d 454, 457 (Cal. 1994) ("Conspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who, although not actually committing a tort themselves, share with the immediate tortfeasors a common plan or design in its perpetration.").

- 7 -

the plaintiff was not entitled to discover privileged peer review materials regarding a doctor's competence in part because she could prove her negligent supervision claim with evidence of prior malpractice claims asserted against the doctor); *Purcell v. Zimbelman*, 500 P.2d 335, 343-44 (Ariz. Ct. App. 1972) (holding that prior negligence claims against a doctor tended to show his incompetence and stating: "We believe it reasonably probable to conclude that had the hospital taken some action against Dr. Purcell, whether in the form of suspension, remonstration, restriction, or other means, the surgical procedure utilized in this case would not have been undertaken by the doctor and Mr. Zimbelman would not have been injured.").[4]

The City further contends that there is substantial evidence that Officers Jones and Kincannon were fit for their positions because they completed the Arizona Law Enforcement Academy and subsequent field training to become City of Phoenix police officers. Doc. #109 at 13. This evidence does not entitle the City to judgment as a matter of law. *See Purcell*, 500 P.2d at 341 n.9 (stating that the mere fact that a doctor was licensed by the state and recommended by other doctors on the staff as required by law did not overcome allegations of negligent supervision by the hospital where there was evidence that the doctor was an incompetent physician) (citation omitted). The City will have an opportunity to present this evidence to the jury and argue that it shows that the officers were fit for their positions. The jury, not the Court, must weigh the evidence and resolve factual disputes. *See Anderson*, 477 U.S. at 255 (stating that "the weighing of evidence[] and the drawing of inferences from the facts are jury functions, not those of a judge"). The Court will deny Defendants' motion for summary judgment with respect to Plaintiff's negligent supervision and retention claim.

---

[4]*See also Robertson v. Sixpence Inns of Am., Inc.*, 789 P.2d 1040, 1048 (Ariz. 1990) (reversing directed verdict in a negligence action alleging that a motel failed to take adequate precautions to protect a security guard from the danger posed by an armed robber because "the question of proximate cause is a question for the jury"); *Fehribach v. Smith*, 22 P.3d 508, (Ariz. Ct. App. 2001) (reversing summary judgment in a negligence action against the owners and managers of property where the decedent was injured because "[b]reach and causation are ordinarily questions of fact for the jury to resolve").

### b. Negligent Training.

The City argues that there is no evidence that the training it provided to Officers Jones and Kincannon was inadequate or improper. Doc. #109 at 14 (citing *Inmon v. Crane Rental Servs., Inc.*, 67 P.3d 726 (Ariz. Ct. App. 2003)). Plaintiff does not address this argument in his response. *See* Doc. #123. The Court accordingly will grant Defendants' motion for summary judgment with respect to the negligent training claim. *See Inmon*, 67 P.3d at 733 (affirming summary judgment in favor of the defendant where there was no evidence that the training it provided was negligent or the proximate cause of the plaintiffs' injuries); *Celotex*, 477 U.S. at 322 (stating that summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case").

### III. Defendants' Motion in Limine.

The Court will deny Defendants' motion in limine without prejudice. The Court will set a pretrial conference and deadlines for filing pretrial documents, including motions in limine, by separate order. Defendants may re-file the motion pursuant to that order.

**IT IS ORDERED:**

1. Defendants' motion for partial summary judgment (Doc. #109) is **granted in part** and **denied in part** as set forth in this order.

2. Defendants' motion in limine to conduct *Daubert* hearing and exclude expert testimony of Robert D. Anderson (Doc. #121) is **denied without prejudice**.

DATED this 1st day of May, 2006.

_____
David G. Campbell
United States District Judge