**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Y. Vasquez; and Cindy Garza, for and on behalf of her minor son, Santana Torres Vasquez,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>City of Phoenix; Daniel Jones, individually and in his official capacity as a police officer for the City of Phoenix; Jane Doe Jones; Mark T. Kincannon, individually and in his official capacity as a police officer for the City of Phoenix; and Jane Doe Kincannon,<br><br>　　　　　Defendants. | No. CV-04-481-PHX-DGC<br><br>No. CV-05-608-PHX-DGC<br><br>(Consolidated Cases)<br><br>**ORDER** |

　　　The parties have submitted designated portions of the transcript of the deposition of Plaintiff Manuel Vasquez. This order will set forth the Court's rulings on objections contained within the designated portions.

　　　1.　Page 19, lines 6-7. Plaintiff has agreed to withdraw his objection if his Social Security Number is redacted from the scrolled transcript played for the jury with the videotape. Assuming Defendants agree to this redaction, the Court need not rule on this objection.

　　　2.　Page 32, line 20 through page 34, line 5. Plaintiffs object to this testimony concerning past drug abuse by Mr. Vasquez on grounds of relevance, Rule 403, hearsay, and

1 foundation. Defendants argue that his past drug use is relevant to his cognitive abilities 2 before trial. The Court will sustain Plaintiffs' hearsay objection with respect to testimony 3 at page 32, line 20 through page 33, line 4, but will overrule Defendants' objections with 4 respect to the remainder of this excerpt. The Court concludes that Mr. Vasquez's past drug 5 use is relevant to the level of his cognitive functioning pre-injury, and that the probative 6 value of this testimony is not *substantially* outweighed by the risk of unfair prejudice under 7 Rule 403.

8      3. Page 37, lines 3-11; page 38, line 24 through page 39, line 3; page 39, line 16 9 through page 40, line 4; page 40, line 15 through page 41, line 6. Plaintiffs object to this 10 evidence of the prior felony conviction and incarceration of Mr. Vasquez on grounds of 11 relevance, Rule 403, foundation, and hearsay. Defendants argue that Mr. Vasquez's past 12 criminal conduct reflects on his cognitive functioning before the injury. The Court finds the 13 connection between Mr. Vasquez's criminal history and his pre-injury cognitive functioning 14 to be tenuous at best, and concludes that the marginal probative value of this evidence is 15 substantially outweighed by the risk of unfair prejudice under Rule 403.

16      4. Page 72, line 24 through page 73, line 18; page 74, line 8 through page 75, line 17 2. Plaintiffs object to this testimony concerning the failure of Mr. Vasquez to file tax returns 18 for his landscaping business on grounds of relevance, Rule 403, and Rule 404(b). 19 Defendants argue that the evidence is relevant to the level of his business before the injury, 20 an issue to be considered by the jury in assessing damages. Because it appears that 21 Defendants have obtained other evidence concerning the level of Mr. Vasquez's business, 22 the Court will sustain Plaintiffs' objections under Rules 403 and 404(b). The Court 23 concludes that the marginal probative value of this excerpt is substantially outweighed by the 24 risk of unfair prejudice and that Mr. Vasquez's failure to pay taxes on his landscaping 25 business is not relevant for any of the purposes specified in Rule 404(b). If Plaintiffs suggest 26 during trial, however, that Mr. Vasquez's business was more substantial than his tax-return 27 answer suggests, Defendants may reopen this issue and the Court will then decide whether 28 this deposition excerpt may be presented to the jury.

5. Page 90, line 7 through page 91, line 21; page 92, line 19 through page 93, line 2. Plaintiffs object to this testimony about Mr. Vasquez's prior head injury on grounds of relevance, foundation, and hearsay. The Court will sustain Plaintiffs' hearsay objection with respect to the testimony at page 91, line 3 through page 91, line 17, and page 92, line 19 through page 93, line 2, but otherwise will overrule the objections.

6. Page 93, line 16 through page 93, line 24; page 94, lines 18 and 19. Plaintiffs object to this testimony about the name and address of Mr. Vasquez's ex-wife on relevancy grounds. The Court will sustain the objection.

7. Page 95, line 7 through page 95, line 20. Plaintiffs object to this testimony about Mr. Vasquez having been wounded in the throat by a knife during a fight on relevance and Rule 403 grounds. The Court will sustain Plaintiffs' Rule 403 objection. The Court concludes that the marginal relevance of this injury, which occurred when Mr. Vasquez was 18 years old, is substantially outweighed by the risk of unfair prejudice.

8. Page 97, lines 3-8. Plaintiffs object to this testimony about an accident that occurred when Mr. Vasquez was 15 years old on relevancy grounds. Defendants assert that this testimony is relevant to the level of his present memory. The Court agrees and will overrule the objection.

9. Page 103, line 7 through page 107, line 14. Plaintiffs object to this questioning about what Mr. Vasquez's fiancé told him about events on the night in question on hearsay, foundation, and relevance grounds. The Court will sustain the hearsay objection to this testimony.

DATED this 25th day of October, 2006.

*David G. Campbell*
David G. Campbell
United States District Judge