**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Manuel Y. Vasquez; and Cindy Garza, for and on behalf of her minor son, Santana Torres Vasquez, | No. CV-04-481-PHX-DGC |
| | No. CV-05-608-PHX-DGC |
| Plaintiffs, | (Consolidated Cases) |
| vs. | **ORDER** |
| City of Phoenix; Daniel Jones, individually and in his official capacity as a police officer for the City of Phoenix; Jane Doe Jones; Mark T. Kincannon, individually and in his official capacity as a police officer for the City of Phoenix; and Jane Doe Kincannon, | |
| Defendants. | |

On October 25, 2006, the Court entered an order regarding designated portions of the transcript of the deposition of Manuel Vasquez. Dkt. #271. In paragraph 2 of the order, the Court held that Defendants may present deposition testimony concerning Mr. Vasquez's past drug abuse. The Court has continued to think about this issue, and has concluded that its decision was premature. Before determining that the prejudicial effect of this testimony does not substantially outweigh its probative value, the Court must learn more about its probative value. Specifically, the Court must obtain a better understanding of the expert testimony concerning Mr. Vasquez's drug abuse and the possible impact of that drug abuse on his pre-

1  injury cognitive functioning. After considering this evidence, the Court will be better
2  equipped to conduct the balancing analysis required by Federal Rule of Evidence 403.

3       The parties should be prepared to address this issue at the hearing already scheduled
4  for **October 30, 2006, at 11:30 a.m.** Specifically, the parties should provide the Court with
5  expert reports, excerpts from expert depositions, and other evidence that addresses the
6  relevance of Mr. Vasquez's drug use to the issue of his pre-injury cognitive abilities or other
7  issues in this case. After the Court has considered these materials, it will rule on whether Mr.
8  Vasquez's prior drug use should be admitted in evidence or should be excluded under Rule
9  403. If Defendants must prepare the final videotape of Mr. Vasquez's deposition testimony
10 before the start of trial, they should exclude from that videotape the testimony concerning
11 drug use. If the Court determines that it is admissible, Defendants will be permitted to
12 present it to the jury in another form. In addition, until the Court rules on this issue, the
13 parties should not mention Mr. Vasquez's drug use in front of the jury.

14      DATED this 26th day of October, 2006.

*[Signature: Daniel G. Campbell]*

David G. Campbell
United States District Judge

- 2 -